JOSEPH A. EISENBERG P.C. (SBN 52346)
THOMAS M. GEHER (SBN 130588)
JEFFER, MANGELS, BUTLER & MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Email:   jae@jmbm.com
         tgeher@jmbm.com

Attorneys for Debtor and Debtor in Possession
Manasseh Building Group, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MANASSEH BUILDING GROUP, INC.,<br><br>Debtor. | Case No.: 1:09-bk-12507 GM<br><br>Chapter 11<br><br>**DECLARATION OF STEPHEN W. GREGORCHUK RE CASE STATUS CONFERENCE**<br><br>**Hearing:**<br><br>Date : July 14, 2009<br>Time : 10:00 a.m.<br>Place: Courtroom 303<br>21041 Burbank Boulevard<br>Woodland Hills, California 91367 |

PRINTED ON
RECYCLED PAPER

5975720v1

# DECLARATION OF STEPHEN W. GREGORCHUK

I, Stephen W. Gregorchuk, declare:

1. I am the President and, along with my wife, the shareholder, of Manasseh Building Group, Inc., debtor and debtor in possession herein ("<u>Debtor</u>"). All facts stated herein are known by me to be true through my own personal knowledge and I would and could competently testify thereto in a court of law if called upon to do so.

2. Debtor is in the business of owning, operating and leasing the income producing apartment buildings located at (a) 7323 Winnetka Avenue, Winnetka, California (the "<u>Winnetka Property</u>"), (b) 22761 Vanowen Street, West Hills, California (the "<u>Vanowen Property</u>") and (c) 6737 DeSoto Avenue, Woodland Hills, California (the "<u>DeSoto Property</u>"). Initially, Debtor purchased the Winnetka Property, the Vanowen Property and the DeSoto Property to demolish the existing structures, change the applicable zoning and construct and sell new condominiums. However, due to the recent downturn in the economy and the tightening credit markets, Debtor correctly predicted that the market for the purchase of new condominiums would weaken and Debtor would be unable to profitably sell all of the residential units in the Winnetka Property, the Vanowen Property and the DeSoto Property. Thus, within the last year, Debtor successfully completed the construction of new residential units in the Winnetka Property, the Vanowen Property and the DeSoto Property and converted such units into rental apartments. From the completion of the construction of the residential units at the Winnetka Property, the Vanowen Property and the DeSoto Property, Debtor has been renting the residential units.

3. Debtor was compelled to commence this chapter 11 case because First Bank of Beverly Hills ("<u>FBBH</u>"), which holds a first priority deed of trust against both the Vanowen Property and the DeSoto Property as security for two separate construction loans concerning each property, had scheduled a March 10, 2009 foreclosure sale of both the Vanowen Property and the DeSoto Property.[1]

---

[1] Debtor is current on its obligations to PNC ARCS, LLC/ARCS Commercial Mortgage Co., L.P. ("<u>PNC</u>"), which obligations are secured by a first priority deed of trust on the Winnetka Property.

PRINTED ON
RECYCLED PAPER

1  4.  As of the commencement of Debtor's case, (a) twenty five of the thirty six rental units in the Vanowen Property were leased,[2] (b) fifteen of the twenty seven rental units in the DeSoto Property were leased and (c) all twenty one units at the Winnetka Property were leased.

5.  Presently, due to Debtor's post-petition activities, (a) thirty three of the thirty six rental units in the Vanowen Property are leased, (b) all twenty seven rental units in the DeSoto Property are leased and (c) twenty of the twenty one units of the Winnetka Property were leased.

6.  After the commencement of this chapter 11 case, FBBH, the lender holding a security interest against the Vanowen Property and DeSoto Property, was taken over by the Federal Deposit Insurance Corporation (the "FDIC").

7.  After the FDIC took over as receiver for FBBH, I, on behalf of Debtor, have been, and am, in discussions and negotiations with the FDIC concerning the claims and loans of FBBH/FDIC. These discussions and negotiations with the FDIC are active, ongoing and continuing. Per the requests of the FDIC, I have been and continue to provide the FDIC with various information concerning the Vanowen Property and DeSoto Property and am working towards a consensual resolution of the claims of FBBH/FDIC. It is my expectation that the negotiation process with the FDIC may last another three months, as the process of providing the FDIC with information and obtaining a response is not a swift process.

8.  To date, Debtor has complied with the requirements of the Office of the United States Trustee and this Court's final cash collateral order.

Executed on July 7, 2009 at Oak Park, California.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
STEPHEN W. GREGORCHUK

---

[2] Tenants could not begin to occupy the Vanowen Property until December, 2008.

4. As of the commencement of Debtor's case, (a) twenty five of the thirty six rental units in the Vanowen Property were leased,[2] (b) fifteen of the twenty seven rental units in the DeSoto Property were leased and (c) all twenty one units at the Winnetka Property were leased.

5. Presently, due to Debtor's post-petition activities, (a) thirty three of the thirty six rental units in the Vanowen Property are leased, (b) all twenty seven rental units in the DeSoto Property are leased and (c) twenty of the twenty one units of the Winnetka Property were leased.

6. After the commencement of this chapter 11 case, FBBH, the lender holding a security interest against the Vanowen Property and DeSoto Property, was taken over by the Federal Deposit Insurance Corporation (the "FDIC").

7. After the FDIC took over as receiver for FBBH, I, on behalf of Debtor, have been, and am, in discussions and negotiations with the FDIC concerning the claims and loans of FBBH/FDIC. These discussions and negotiations with the FDIC are active, ongoing and continuing. Per the requests of the FDIC, I have been and continue to provide the FDIC with various information concerning the Vanowen Property and DeSoto Property and am working towards a consensual resolution of the claims of FBBH/FDIC. It is my expectation that the negotiation process with the FDIC may last another three months, as the process of providing the FDIC with information and obtaining a response is not a swift process.

8. To date, Debtor has complied with the requirements of the Office of the United States Trustee and this Court's final cash collateral order.

Executed on July 7, 2009 at Oak Park, California.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

STEPHEN W. GREGORCHUK

---

[2] Tenants could not begin to occupy the Vanowen Property until December, 2008.

| In re:<br>MANASSEH BUILDING GROUP, INC.,<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 1:09-bk-12507-GM |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

The foregoing document described **DECLARATION OF STEPHEN W. GREGORCHUK RE CASE STATUS CONFERENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Joseph A Eisenberg    jae@jmbm.com
- Thomas M Geher    tmg@jmbm.com
- S Margaux Ross    margaux.ross@usdoj.gov
- Wendy Shapnick    wshapnick@erlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On July 7, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**[SERVED BY U.S. MAIL]**
Honorable Geraldine Mund
United States Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 7, 2009 | Claudean Brandon | /s/ Claudean Brandon |
|---|---|---|
| Date | Type Name | Signature |

PRINTED ON RECYCLED PAPER

5975720v1

4